JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward Dark

**DEFENDANTS**
Commissioner Charles Ramsey, Officer Ryan P. Pownall, John Doe #1-5,City of Phila., Phila. Police Dept.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc F. Greenfield, Esquire, Two Penn Center Plaza, Suite 200, 1500 J.F.K. Blvd., Phila., PA  19102 - (215) 985-2424

Attorneys *(If Known)*
Mark Maguire

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | ☐ 820 Copyrights | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983
Brief description of cause:
Civil Rights Violation under 42 U.S.C. Sec. 1983

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                                    DOCKET NUMBER

DATE  1/21/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Edward Dark**<br>5020 G Street<br>Philadelphia, PA 19120<br>    **Plaintiff** | **Civil Action**<br><br>**NO:** _____ |
| **v.** | |
| **Commissioner Charles Ramsey**<br>c/o Philadelphia Police Department<br>700 Race Street<br>Philadelphia, PA 19106<br>    and<br>**Officer Ryan P. Pownall**<br>c/o Philadelphia Police Department<br>700 Race Street<br>Philadelphia, PA 19106<br>    and<br>**John Doe #1-5**<br>c/o Philadelphia Police Department<br>700 Race Street<br>Philadelphia, PA 19106<br>    and<br>**City of Philadelphia**<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>    and<br>**Philadelphia Police**<br>**Department**<br>700 Race Street<br>Philadelphia, PA 19106<br>    **Defendants** | Formerly<br><br>**Court of Common Pleas**<br>**Philadelphia County**<br>**Trial Division – Civil**<br>**December Term 2014**<br>**No. 003607** |

## <u>NOTICE OF REMOVAL</u>

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Commissioner Charles Ramsey, Officer Ryan P. Pownall and the City of Philadelphia (hereinafter "petitioners") through their counsel, Mark Maguire, Divisional Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendants state the following:

1.     In December 2014, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, December 2014, No. 003607. (Exhibit A - Complaint).

2.  On January 2, 2015, said Complaint was served on Petitioners at 1515 Arch Street, 14th Floor, Philadelphia, Pennsylvania.

3.  Plaintiff alleges that on July 16, 2013, he sustained damages when his civil rights were violated by the defendants. (Exhibit A ).

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983.  (Exhibit A)

**Wherefore,** petitioners, Commissioner Charles Ramsey, Officer Ryan P. Pownall and the City of Philadelphia, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig Straw
Chief Deputy City Solicitor

**MARK MAGUIRE**
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Date: 1/21/15

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Dark
5020 G Street
Philadelphia, PA  19120
                                    Plaintiff

                        V.

Commissioner Charles Ramsey
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
            and
Officer Ryan P. Pownall
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
            and
John Doe #1-5
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
            and
City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
            and
Philadelphia Police
Department
700 Race Street
Philadelphia, PA  19106
                                    Defendants

Civil Action

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
December Term 2014
No. 003607

## NOTICE OF FILING OF REMOVAL

TO:   Marc F. Greenfield, Esquire
      Two Penn Center Plaza, Suite 200
      1500 J.F.K. Boulevard
      Philadelphia, PA  19102

      PLEASE TAKE NOTICE THAT on January 21, 2015, defendants, Commissioner
Charles Ramsey, Officer Ryan P. Pownall and the City of Philadelphia filed, in the office of the
Clerk of the United States District Court for the Eastern District of Pennsylvania a verified
Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

MARK MAGUIRE
**Divisional Deputy City Solicitor**
**Attorney I.D. No. 94242**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Dark
5020 G Street
Philadelphia, PA  19120
         **Plaintiff**

         **V.**

Commissioner Charles Ramsey
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
     and
Officer Ryan P. Pownall
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
     and
John Doe #1-5
c/o Philadelphia Police Department
700 Race Street
Philadelphia, PA  19106
     and
City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
     and
Philadelphia Police
Department
700 Race Street
Philadelphia, PA  19106
         **Defendants**

**Civil Action**

NO: _____

Formerly

Court of Common Pleas
Philadelphia County
Trial Division – Civil
December Term 2014
No. 003607

## CERTIFICATE OF SERVICE

    I, Mark Maguire, Divisional Deputy City Solicitor do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:    Marc F. Greenfield, Esquire
        Two Penn Center Plaza, Suite 200
        1500 J.F.K. Boulevard
        Philadelphia, PA  19102

**Mark Maguire**
**Divisional Deputy City Solicitor**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5439

Date: 1/21/15

Exhibit "A"

*# 77067*
*Claim# 2013060728*
*Rudman, Michael*

**SPEAR, GREENFIELD & RICHMAN, P.C.**
BY: MARC F. GREENFIELD, ESQUIRE
I.D. NO.: 62081
Two Penn Center Plaza, Suite 200
1500 J.F.K. Boulevard
Philadelphia, PA 19102
(215) 985-2424

**MAJOR JURY**

*Filed and attested by*
*PROTHONOTARY*
*27 DEC 2014 05:55 pm*
*SAVAGE*

Attorney for plaintiff

---

**EDWARD DARK**                         :
5020 G Street                           :
Philadelphia, PA 19120                  :
              v.                        :
**COMMISSIONER CHARLES RAMSEY** :
**c/o Philadelphia Police Department**  :
700 Race Street                         :
Philadelphia, PA 19106                  :
              &                         :
**OFFICER RYAN P. POWNALL** *#1696*    :  *Dist #15*
**c/o Philadelphia Police Department**  :  *PR# 233062*
700 Race Street                         :
Philadelphia, PA 19106                  :
              &            CONTINUED :

**COURT OF COMMON PLEAS**
**COUNTY OF PHILADELPHIA**
**CIVIL TRIAL DIVISION**

---

## COMPLAINT IN PERSONAL INJURY
## 20-OTHER PERSONAL INJURY

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL: |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | ASSOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFENCIA E INFORMACION LEGAL |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL and INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 (215) 238-6333 TTY: (215) 451-6197 | One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: (215) 238-6333 TTY: (215) 451-6197 |

JOHN DOE #1-5                                      :
c/o Philadelphia Police Department                :
700 Race Street                                   :
Philadelphia, PA 19106                            :
        &             :
CITY OF PHILADELPHIA                              :
1515 Arch Street, 14th Floor                      :
Philadelphia, PA 19102                            :
        &             :
PHILADELPHIA POLICE                              :
DEPARTMENT                                        :
700 Race Street                                   :
Philadelphia, PA 19106                            :
                         :

## COMPLAINT IN PERSONAL INJURY
## 20-OTHER PERSONAL INJURY

| NOTICE | ADVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL: |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE | |

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY: (215) 451-6197

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: (215) 238-6333
  TTY: (215) 451-6197

## COMPLAINT IN PERSONAL INJURY
## 20 - OTHER PERSONAL INJURY

1.      Plaintiff, Edward Dark, is a citizen and resident of the Commonwealth of

Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, Commissioner Charles H. Ramsey (hereinafter referred to as

"Commissioner Ramsey") is an adult individual, who is a sworn member of the City of

Philadelphia and, in conjunction with the  City of Philadelphia either was or should have been

responsible for the formulation and/or implementation of practices, policies, procedures,

discipline and assignments of officers, as well as the day-to-day operation and oversight,

including command and control, of all segments of the Philadelphia Police Department.

3.      At all times relevant hereto, Commissioner Ramsey was acting within the scope
              of his

duties and authority, under the color or title of State or Municipal Public Law or Ordinance, and

supervised or controlled one or more of the other Defendants herein in their conduct or actions,

or acted in concert with them in the performance of their conduct or actions or acted

independently.

4.      Defendant, City of Philadelphia, is a political subdivision of the Commonwealth

of Pennsylvania, with an address listed in the caption of this Complaint, which was empowered

to establish, regulate and control its Police Department for the enforcement of laws and

ordinances within its jurisdiction, and for purposes of protecting and preserving the persons,

property and Constitutional rights of individuals within the geographical and legal jurisdiction.

5.     Defendant, City of Philadelphia, was at all times material hereto was acting individually and/or by and through all lessees, agents, servants, workmen, and/or employees, including defendants, Officer Ryan P. Pownall, and John Doe #1-5.

6.     Defendant, Officer Ryan P. Pownall (Hereinafter referred to as "Officer Pownall"), who is an adult individual and a sworn member of the Philadelphia Police Department, either was or should have been responsible for the formulation and/or implementation of practices, policies and procedures, discipline and assignments of officers, as well as the day-to-day operation and oversight, including command and control, of all segments of the Philadelphia Police Department.

7.     At all times relevant hereto, Defendant, Officer Pownall, was acting within the scope of his duties and authority, under the color or title of State or Municipal Public Law or Ordinance, and supervised or controlled one or more of the other Defendants herein in their conduct or actions, or acted in concert with them in the performance of their conduct or actions, or acted independently and/or operated defendant's police vehicle under the supervision and/or control while in the scope and/or course of his employment with the City of Philadelphia.

8.     Defendant, John Doe 1-5, who are unknown at this time, are adult individuals who at all times relevant hereto, were serving in their capacity as sworn Police Officers of the Philadelphia Police Department, and were entrusted with the powers to enforce the laws of the Commonwealth and the City of Philadelphia.

Case ID: 141203607

9.      Defendants, John Doe 1-5 were entrusted to protect the Constitutional rights of those they encountered, and at all times relevant hereto were acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance of conduct of their duties or actions, or acted independently.

10.     Defendant, Philadelphia Police Department, is a governmental agency within the Commonwealth of Pennsylvania and the City of Philadelphia empowered to establish, regulate and control its Police Officers for the enforcement of laws and ordinances within its jurisdiction, and for purposes of protecting and preserving the persons, property and Constitutional rights of individuals within the geographical and legal jurisdiction of the Defendant, City.

11.     On or about July 16, 2013, plaintiff, Edward Dark, was a pedestrian at or near Ditman Street and Granite Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

12.     At the same date and time, defendant, Officer Pownall, a Philadelphia police officer, was an occupant inside a motor vehicle owned by defendant, City of Philadelphia, at or near Ditman Street and Granite Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

13.     Additionally, at the same date and time, Defendants, John Doe 1-5, Philadelphia Police Officers occupied motor vehicles owned by Defendant, City of Philadelphia, at or near Ditman Street and Granite Street, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

5

Case ID: 141203607

14.     Suddenly and without warning, defendants, Officer Pownall and/or John Doe 1-5, negligently, carelessly, recklessly, purposefully, and/or with deliberate indifference toward plaintiff operated their respective motor vehicles in such a manner as to strike the plaintiff.

15.     As a result of this attack, plaintiff suffered severe and permanent bodily injury as more fully set forth below.

**COUNT I**
**Edward Dark v. Officer Pownall**
**Personal Injury - Civil Assault**

16.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

17.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

a.      Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

6

h.  Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.  Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Striking the plaintiff;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

7

     r.       Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

18.     As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains; and any other ills and injuries all to plaintiff's great loss and detriment.

19.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

Case ID: 141203607

## COUNT II
### Edward Dark v. Officer Pownall
#### Personal Injury - Civil Battery

22.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

23.    The negligence, carelessness and/or recklessness of defendant consisted of the following:

a.    Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns and other devices;

h.    Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.    Failing to give plaintiff meaningful warning signs concerning the impending incident;

9

k.  Failing to exercise ordinary care to avoid injuring plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Striking the plaintiff;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

24.  As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

10

25.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.


## COUNT III
### Edward Dark v. John Doe 1-5
### Personal Injury - Civil Assault


16.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

17.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

a.      Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

b.      Failing to have said vehicle under proper and adequate control;

11

c.   Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

d.   Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.   Being inattentive to defendant's duties as an operator of a motor vehicle;

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Striking the plaintiff;

n.   Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

12

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.  Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

18.  As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains; and any other ills and injuries all to plaintiff's great loss and detriment.

19.  As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20.  As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13

21.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT IV
### Edward Dark v. John Doe 1-5
### Personal Injury - Civil Battery

22.     Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

23.     The negligence, carelessness and/or recklessness of defendant consisted of the following:

    a.     Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b.     Failing to have said vehicle under proper and adequate control;

    c.     Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

    d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

    e.     Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

14

g.   Disregarding traffic lanes, patterns and other devices;

h.   Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

i.   Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.   Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.   Failing to exercise ordinary care to avoid injuring plaintiff;

l.   Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.   Striking the plaintiff;

n.   Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.   Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.   Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

15

r.     Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

24.     As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

25.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

16

Case ID: 141203607

**Count V**
**Edward Dark v. John Doe 1-5**
**Personal Injury**

28. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

29. The negligence, carelessness and/or recklessness of defendant consisted of the following:

    a.    Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b.    Failing to have said vehicle under proper and adequate control;

    c.    Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

    d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

    e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

    g.    Disregarding traffic lanes, patterns and other devices;

    h.    Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

    i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

    j.    Failing to give plaintiff meaningful warning signs concerning the impending incident;

17

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Striking the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.      Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

30.  As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

18

Case ID: 141203607

31. As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

32. As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

33. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**COUNT VI**
**Edward Dark  v. City of Philadelphia**
**Personal Injury**

34. Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

35. The negligence, carelessness and/or recklessness of defendant consisted of the following:

    a. Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

    b. Failing to have said vehicle under proper and adequate control;

    c. Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

19

d.      Failing to operate a motor vehicle at a speed which would allow defendant
        to stop within an assured clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed under the
        circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

h.      Failing to keep an adequate distance from pedestrians in the vicinity of
        defendant's vehicle;

i.      Failing to perceive the highly apparent danger to others which the actions
        and/or inactions posed;

j.      Failing to give plaintiff meaningful warning signs concerning the impending
        incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiff;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Striking the plaintiff;

n.      Operating a motor vehicle with disregard for the rights, safety and proximity
        of plaintiff, even though defendant was aware, or should have been aware of
        plaintiff's presence and the threat of harm posed to plaintiff;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a
        safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective motor vehicle to be operated on
        a public highway;

20

q.   Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.   Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

36.   As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

37.   As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

38.   As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

39.   As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

21

Case ID: 141203607

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT VII
### Edward Dark v. Philadelphia Police Department
#### Personal Injury

40.　Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

41.　The negligence, carelessness and/or recklessness of defendant consisted of the following:

　　a.　Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

　　b.　Failing to have said vehicle under proper and adequate control;

　　c.　Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

　　d.　Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

　　e.　Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

　　f.　Being inattentive to defendant's duties as an operator of a motor vehicle;

　　g.　Disregarding traffic lanes, patterns and other devices;

　　h.　Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

22

i.     Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.     Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Striking the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.     Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

23

42.     As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

43.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

44.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

45.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

24

## COUNT VIII
### Edward Dark v. Commissioner Ramsey
### Personal Injury

46.    Plaintiff incorporates by reference all the allegations contained in the above paragraphs as if the same were set forth below at length.

47.    The negligence, carelessness and/or recklessness of defendant consisted of the following:

     a.    Operating a motor vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

     b.    Failing to have said vehicle under proper and adequate control;

     c.    Failing to observe the position of plaintiff and to take such action as was necessary to prevent striking plaintiff;

     d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured clear distance;

     e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

     f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

     g.    Disregarding traffic lanes, patterns and other devices;

     h.    Failing to keep an adequate distance from pedestrians in the vicinity of defendant's vehicle;

     i.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

     j.    Failing to give plaintiff meaningful warning signs concerning the impending incident;

Case ID: 141203607

k.     Failing to exercise ordinary care to avoid injuring plaintiff;

l.     Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.     Striking the plaintiff;

n.     Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiff;

o.     Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.     Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q.     Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.     Operating a motor vehicle and other devices at the same time and in total disregard for the safety of the plaintiff and others in direct violation of the laws of the Commonwealth of Pennsylvania.

48.     As a direct result of the negligent, careless, intentional and/or reckless conduct of defendant, the plaintiff, suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: comminuted minimally displaced fracture of the distal left tibia, internal derangement of the left knee, left ankle sprains and strains, and any other ills and injuries all to plaintiff's great loss and detriment.

Case ID: 141203607

Case ID: 141203607

49.     As a result of these injuries, all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

50.     As an additional result of the carelessness, negligence and/or recklessness of defendant, plaintiff has suffered emotional injuries, along with the physical injuries suffered.

51.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to plaintiff's further loss and detriment.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## Count IX
### Edward Dark v. Commissioner Charles Ramsey, Officer Pownall, John Doe 1-5, City of Philadelphia, and City of Philadelphia Police Department
### Section 1983

54.     While acting under the color of State Law, the defendants deprived the Plaintiff of various Federal and Constitutional Rights.

55.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against all defendants for violation of Plaintiff's Constitutional rights under Color of Law.

56.     Defendants' failed to train, supervise and discipline its officers for violations of Directives 10 and 22;

57.     Directives 10 and 22 were deliberately indifferent to the safety of the public causing unconstitutional harm to plaintiff.

27

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## Count X
### Edward Dark v. Commissioner Charles Ramsey, Officer Pownall, John Doe 1-5, City of Philadelphia, and City of Philadelphia Police Department
#### Section 1983 - Substantive Due Process

58.    Defendant Officer's conduct, jointly and/or severally, was willful, reckless, grossly negligent in violation of the Constitution and deliberately indifferent to the life and safety of Plaintiff and/or shocking to the conscience.

59.  Defendants' conduct constitutes a violation of the State and United States Constitution, and specifically to Plaintiff's right to personal security, to life, and liberty, and to be free from arbitrary government action which demonstrates a deliberate indifference to Plaintiff's life which shocks the conscience.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## Count XI
### Edward Dark v. City of Philadelphia, Commissioner Charles Ramsey & City of Philadelphia Police Department
#### Section 1983 - Supervisory Liability

60.    One or more of the Supervisory Defendants acted in a supervisory capacity, under circumstances and at a time when one or more of the Subordinate Defendants violated the Plaintiff's rights as set forth herein.

Case ID: 141203607

61.     In that regard, the Supervisory Defendants, now known and unknown, either directed conduct which resulted in the violation of Plaintiff's Federal and State Rights as alleged, or had actual knowledge of the subordinates violation of Plaintiff's rights and acquiesced in said violations, or, with a deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation of Plaintiff's rights or had a policy of maintaining no policy or regulations where same were clearly needed.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## Count XII
### Edward Dark v. City of Philadelphia
### Section 1983 - Municipal/City Liability

62.     Prior to July 16, 2013, Defendant, City of Philadelphia, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

63.     It was also the policy and/or custom of Defendant, City of Philadelphia, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

64.     The Defendant, City of Philadelphia, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

29

65.     The Defendant, City of Philadelphia, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

66.     As a result of the above described policies, customs and failure to adopt necessary and appropriate policies, police officers in the Defendant City of Philadelphia, including Defendants, believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### Count XIII
### Edward Dark v. Philadelphia Police Department
### Section 1983 - Municipal/City Liability

67.     Prior to July 16, 2013, Defendant, Philadelphia Police Department, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

68.     It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

69.     The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

30

70.     The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

71.     As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

72.     Defendants failed to adopt an appropriate enforcement policy for Directives 10 and 22 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

### Count XIV
### Edward Dark v. Commissioner Charles Ramsey
### Section 1983 - Municipal/City Liability

67.     Prior to July 16, 2013, Defendant, Commissioner Charles Ramsey, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in the City of Philadelphia, which caused violation of the Plaintiff's Constitutional Rights.

68.     It was also the policy and/or custom of Defendant, Philadelphia Police Department, to inadequately screen during the hiring process and/or to inadequately train, re-train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

69.     The Defendant, Philadelphia Police Department, did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct or who were known to encourage or tolerate the same.

70.     The Defendant, Philadelphia Police Department, also did not adopt needed policies designed to avoid the Constitutional violations referred to herein.

71.     As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers in the Defendant, Philadelphia Police Department, including Defendants believed that their actions would not be monitored by supervisory officers and that unsafe acts and misconduct would not be investigated or result in sanctions, but would be tolerated.

72.     Defendants failed to adopt an appropriate enforcement policy for Directives 10 and 22 causing Plaintiff's injuries to occur.

**WHEREFORE**, plaintiff demands judgment in plaintiff's favor and against defendant in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT XV
### Edward Dark v. Commissioner Charles Ramsey, Officer Pownall, John Doe 1-5, City of Philadelphia, and City of Philadelphia Police Department
#### Jointly and/or Severally

52. Plaintiff incorporates all the allegations set forth in the previous paragraphs, inclusive, as if set forth at length.

53. The facts set forth herein establish that defendants are individually, jointly and/or severally liable to plaintiff for plaintiff's injuries and damages. Accordingly, the Comparative Negligence Act, 42 Pa.C.S.A. §7102 applies to the nature and effect of plaintiff's action upon said defendants.

32

Case ID: 141203607

**WHEREFORE,** plaintiff demands judgment in plaintiff's favor and against defendants individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00), exclusive of interest and costs of suit.

SPEAR , GREENFIELD & RICHMAN, P.C.

BY:   MARC F. GREENFIELD, ESQUIRE

INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, SUPPLEMENTAL
REQUESTS AND REQUEST FOR ADMISSIONS ARE SERVED ATTACHED TO PLAINTIFF'S
COMPLAINT AT THE TIME SERVICE OF ORIGINAL PROCESS IS AND/OR WAS
EFFECTUATED.
aas

Case ID: 141203607

## V E R I F I C A T I O N

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

_Edwd Oal_

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**SPEAR, GREENFIELD & RICHMAN, P.C.**
**MARC F. GREENFIELD, ESQUIRE**
I.D. #62081
230 S. BROAD STREET, SUITE 1800
PHILADELPHIA, PA 19102
(215) 985-2424                                    **ATTORNEYS FOR PLAINTIFF**

### Plaintiff's Interrogatories Directed To Defendant(S)
*Motor Vehicle Liability Cases*

Plaintiff(s) hereby make demand that the Defendant(s) answer the following Interrogatories pursuant to the Pennsylvania Rules of Civil Procedure 4001 et seq. These Interrogatories must be answered as provided in Pa. R.C.P. 4006 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant(s) or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Pa. R.C.P. 4007.4.

These Interrogatories are addressed to you as a party to this action; your answers shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf whether in preparation for litigation or otherwise. These Interrogatories must be answered completely and specifically by you in writing and must be verified. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible. The omission of any name, fact, or other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Defendant(s), their counsel, or other representatives at the time of service of the Answers. If another motor vehicle was not involved in the alleged accident, then interpret any questions to include a non-motor vehicle (i.e. pedestrian, bicycle, etc.).

1.      State:

    (a)    If an individual: Full name (maiden name, if applicable), alias(es), date of birth, marital status (name of spouse) at the time the cause of action arose and currently, residence and business addresses at time of cause of action and currently and Social Security Number.

(b)     If a corporation: registered corporation name, principal place of business and registered address for service of process at the time the cause of action arose and currently.

(c)     If a partnership: registered partnership name, principal place of business and registered address for service of process at the time the cause of action arose and currently as well as the identities and residence addresses of each partner at the time the cause of action arose and currently.

2.     If you (and/or your operator) were/are employed, state:

(a)     By whom, at the time the cause of action arose and currently;

(b)     Your title or position and accompanying duties and responsibilities at the time the cause of action arose and currently;

(c)     The length of your employment as of the time the cause of action arose and currently.

3.     If at the time of the alleged accident, you (or your operator) possessed a valid license to operate a motor vehicle, state:

(a)     The Commonwealth or State issuing it;

(b)     The issuance date and expiration date;

(c)     The operator's number of such license;

(d)     The nature of any restriction(s) on said license.

4.     Identify:

(a)     Your applicable motor vehicle insurance carrier at the time the cause of action arose;

(b)     Your applicable liability insurance benefits coverage limits;

(c)     Your applicable umbrella and/or excess liability insurance benefits coverage limits at the time the cause of action arose.

5.     If you (or your operator) ever had a driver's license suspended or revoked, state:

(a)     When, where and by whom it was suspended or revoked;

    (b)      The reason(s) for such suspension or revocation;

    (c)      The period of such suspension or revocation;

    (d)      Whether such suspension or revocation was lifted and if so, when.

6.     If you (or your operator) have had a claim made against you for the negligent operation of a motor vehicle within the last five (5) years, state:

    (a)      Your applicable motor vehicle liability insurance benefits carrier at the time that cause of action arose;

    (b)      The Commonwealth or State, County, Court, Term and Number of any lawsuits arising from that cause of action.

7.     State the purpose of the motor vehicle trip you (or your operator) were on at the time of the alleged accident.

8. State whether or not you (or your operator) were familiar with the scene of the alleged accident and how often you traveled through same.

9. If the Defendant's motor vehicle involved in the alleged accident was damaged in any manner, describe in detail.

10. If you (or your operator) consumed any alcoholic beverage(s), medications (prescription and/or over-the-counter) or any illicit drugs, during the forty-eight (48) hours immediately preceding the alleged accident, state:

   (a) The nature, amount and type of item(s) consumed;

   (b) The period of time over which the item(s) was/were consumed;

   (c) The names and addresses of any and all persons who have any knowledge as to the consumption of the aforementioned items (i.e. witnesses, physicians, etc.)

11.   If at the time of the alleged accident, you (or your operator) suffered from any deformity, disease, ailment, disability or abnormality, or were under a physician's care for any condition, then describe.

12.   Identify your (and/or your operator's) family (or "primary care") physician and their professional address at the time the cause of action arose and currently.

13.   Describe the lighting conditions, weather conditions and the condition of the road(s) surface(s) existing at the time and place of the alleged accident.

14.   If there were any traffic control devices in the area of the alleged accident at that time,   state:

(a)      The type of control(s)(i.e. stop sign, traffic light, policeman, etc.);

(b)      Your distance from the site of the collision when you first observed the control;

(c)      Whether or not the traffic control was functioning properly;

(d)      To which street or byway the signal was controlling or designed to control.

15.      Describe the streets or other byways involved in the alleged accident, as follows:

(a)      In terms of traffic lanes (i.e. parking, travel, turn-only lanes), the width of the streets or other byways;

(b)      Type of road surface (i.e. concrete, black top, dirt, gravel, etc.);

(c)      Roadway surface condition(s) (i.e. dry, wet, muddy, etc.);

(d)      Any defects in the roadway which you believe contributed to the happening of the alleged accident.

16. State in detail the manner in which the alleged accident occurred, specifying the speed, position, direction and location of each motor vehicle involved, just before, at the time of, and immediately after the alleged accident.

17.      State:

(a)      In which lane the respective motor vehicles were traveling before the alleged accident occurred and in which lane the alleged accident occurred;

(b)   When you first observed the other motor vehicle (or pedestrian, bicycle, etc.) involved in the alleged accident, stating the distance at that moment from the ultimate point of contact and the respective speeds of the motor vehicles at that time;

(c)   The speed of your vehicle;

    (1)   At 100 feet from the point of contact;

    (2)   At 50 feet from the point of contact;

    (3)   At point the of contact.

(d)   Whether your (or your operator's) view was clear or what obstruction, if any, existed at the time of the alleged accident;

(e)   What you (or your operator) did in an attempt to avoid the alleged accident;

(f)   The exact point of contact of the motor vehicles, in terms of distance from the various curb lines or other significant landmarks and their final resting positions;

(g)   Whether the responding and/or investigating police officers cited any of the drivers involved in the alleged accident for a violation(s) of any statute, law, ordinance or regulation and if so, describe.

18.   If there was any physical evidence of the alleged accident at the scene, describe what it was and where it was located in relation to the curb lines or other significant landmarks.

19.  If after the alleged accident, there were any skid marks or yaw marks remaining on the roadway, describe their dimensions (length and width) and identify the motor vehicle which created the markings.

20.  If a Police investigation was conducted, state the control number, the incident number and/or the report number, thereof.

21.  If you (or your operator) appeared before any Traffic Court, Municipal Court or District Court, state the date and location and whether testimony was offered.

22.  Do you admit that you (or your operator) were negligent in the operation and/or control and/or entrustment of a motor vehicle at the time of the alleged accident?

23.  If you contend that Plaintiff was guilty of comparative/contributory negligence, then fully and specifically describe upon what conduct, acts or omissions of Plaintiff you base your contention.

24.  If you and/or other occupants of your motor vehicle sustained any injuries in the alleged accident, state the nature of those injuries and identify any and all healthcare professionals you/they consulted and/or treated with.

25.     If you have made any claim for benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, or any similarly applicable State Statute or Act, state:

  (a)     The name of the insurance company to whom the claim was submitted;

  (b)     The applicable claim number;

  (c)     The name of the individual at the company who supervised your claim;

  (d)     The total amount of healthcare professionals charges (i.e. medical bills) claimed;

  (e)     The total amount of wage-loss claimed;

  (f)     The total amount of any other economic losses and/or damages claimed (i.e. property damage);

  (g)     The total amount of healthcare professionals charges, wage loss and/or other economic losses and/or damages actually paid pursuant to such law, Statute or Act.

26.   If you made any claim, or you contemplate making any claim, for damages and/or losses sustained as a direct result of the alleged accident, state the damages and/or losses claimed, the insurance carrier to whom such claim was made and the Commonwealth or State, County, Court, Term and Number of any lawsuit filed in this regard.  If the matter was amicably resolved (i.e. settled), identity with whom and for what amount of compensation.

27.   If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (i.e. accident reconstructionists), whom you intend to have testify at trial on your behalf on any matter pertaining to this action, state:

(a)   The name of the expert;

(b)   The expert's professional address;

(c)   The expert's occupation;

(d)   The expert's specialty;

(e)   The expert's qualifications (i.e. Curriculum Vitae);

(f)   The topic or subject matter upon which the expert is expected to testify;

(g)   The substance of the facts to which the expert is expected to testify;

(h)   The substance of the opinion to which the expert is expected to testify;

(i)   A summary of the grounds or foundation for each opinion the expert is expected to testify.

28.   If you have engaged, or expect to engage, healthcare professionals and/or other expert witnesses (i.e. accident reconstructionists) for opinion(s), either oral or written, whom you <u>do not intend</u> to have testify at trial on your behalf, please state:

(a)   The name of the expert;

(b)   The expert's professional address;

(c)   The expert's occupation;

(d)   The expert's specialty;

(e)   The expert's qualifications (i.e. Curriculum Vitae);

(f)   The topic or subject matter of the expert witness' oral or written report;

(g)   The location of and/or whom has the care, custody, possession and/or control of the expert witness' oral or written report, made to anyone other than yourself (i.e. an insurance company) providing an identity and address.

29.   If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s), state:

    (a)    By whom (name and address of company and individual);

    (b)    The date(s) of such surveillance;

    (c)    The time(s) of such surveillance;

    (d)    The location(s) of such surveillance;

    (e)    The method by which such surveillance was made;

    (f)    A summary of what such surveillance reveals.

30.   State the name, home and business addresses of the following:

    (a)    Those who actually witnessed the alleged accident;

    (b)    Those who were present at or near the scene at the time of the alleged accident;

(c)     Those who have any knowledge or information as to any facts pertaining to the circumstances and/or manner of the happening of the alleged accident and/or the nature of the injuries sustained in the alleged accident.

31.     At the time of the alleged accident or immediately thereafter, did you (or your operator) have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in your presence. If so, state the substance of any such conversation(s) or statement(s) and identify in whose presence it/they occurred.

32.     State the name and address of the person answering these Interrogatories and their relationship with the Defendant.

/s/ MARC F. GREENFIELD, ESQUIRE
Name of Attorney
Attorney for Plaintiff(s)
Identification No.: 62081
Address 230 S BROAD ST, SUITE #1800
Telephone No.: 215-985-2424
Fax No.: 215-545-6117
e-mail address: mfg@injuryline.com

I _____, subject to the penalties of 18 Pa C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____
Signature

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

**SPEAR, GREENFIELD & RICHMAN, P.C.**
**MARC F. GREENFIELD, ESQUIRE**
I.D. #62081
230 S. BROAD STREET, SUITE 1800
PHILADELPHIA, PA 19102
(215) 985-2424                                **ATTORNEYS FOR PLAINTIFF**

### Plaintiff(s) Request for Production
### of Documents Directed to Defendant(s)

You are requested to produce, in accordance with Pennsylvania Rule of Civil Procedure 4009, the originals or clear, readable copies of the below listed documents and/or items. These documents and/or items will be examined and/or photocopied; photograph negatives will be processed and photographs reproduced, videotapes and audiotapes shall be viewed and/or heard and a copy made. The below listed documents and/or items are to be produced at Plaintiff's counsel's office on or before thirty (30) days from the date of service herein. Such request is continuing up to and at the time of trial.

## DEFINITIONS

A.    "You" or "your" refers to Defendant(s) herein and to all other persons acting or purporting to act on behalf of Defendant(s), including agents and employees.

B.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.    "Documents" shall mean all written or graphic matter of every kind or description, however, produced or reproduced, whether draft or final, original or reproduction signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including but not limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, films, recordings, of any type, transcripts, contracts, agreements, purchase or sales orders, memoranda of telephone conversations of personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices, requisitions or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are in your possession, custody or control or to which you have had or can obtain access.

D.    "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E.    "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F.     "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size.  In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G.     "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I.     The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated.  Note, this request is continuing up to and at the time of trial.

J.     For purposes of the Rule, a statement includes:

(1)     A written statement, signed or otherwise adopted or approved by the person making it, or

(2)     A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.


## REQUESTS

1.     The entire claims and investigation file or files including but not limited to daily activity sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager, internal memoranda regarding this claim created, sent and/or received by any insurance adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an agent/employee of the Defendant(s), communications to and from all insurance carriers, parties, Defendant(s), or potential parties, request(s) for investigation, and/or reports/findings of investigators, both in-house and/or independent and/or all insurance policies of the Defendant(s), excluding references to mental impressions, conclusions, or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications from counsel.

2.     All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

3.     Any and all documents and communications containing the name, home and business address and qualifications of all persons who have been retained or specially employed by Defendant(s) in *anticipation* of litigation or *preparation* for trial and who are *not* expected to be called as witnesses at trial or as to whom no such decision has yet been made, and attach any documents or communications received from said person(s).  If there are no documents or communications, then the name of said person(s) as well as their home and business addresses should be provided.

4.      The name, home and business address of the insurance carrier investigators employed by the Defendant(s) or its insurance carrier to investigate this claim, treatment of the Plaintiff(s), witnesses, or any other aspect of the incidents that form the basis of Plaintiff(s) Complaint.  Also, attach any documents, records or communications of or prepared by the investigator acquired as a result of their investigation(s), including but not limited to telephone calls, correspondence, facsimiles, e-mail, billing, inspections or observations, interviews, statements and/or findings.

5.      The name, home and business address, background and qualifications of any and all persons in the employ of Defendant(s), who in *anticipation* and/or *preparation* of litigation, is expected to be called to trial.

6.      Any and all documents and communications containing the name and home and business addresses of all individuals contacted as *potential* witnesses.

7.      Reports, communications, and/or documents prepared by any and all experts who *will* testify at trial.

8.      Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a *result* or in *preparation* of this litigation or *will* consult or review.

9.      Resumes and qualifications of any and all experts who *will* testify at trial.

10.     Copies of any and all photographs, diagrams, drawings, charts, models, movie films or video-tapes which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

11.     Any and all documents and communications substantiating any defense to Plaintiff's cause of action.

12.     Copies of any and all reports and records prepared by any physician, hospital or healthcare provider who has examined Plaintiff(s) *excluding* those actually provided by counsel for Plaintiff.

13.     Central indexing information on Plaintiff(s), and any and all Defendant(s) or employees of the Defendant(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

14.     Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including a copy of the policy, including applicable policy declarations page.

15.     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

16.     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of this alleged accident.

17.     The name and address of the manager of Defendant's claim office located at the place where Plaintiff(s) medical bills and reports were submitted to.

18.     Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff(s) Complaint and/or the facts or circumstances leading up to and following said incident.

19.     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

20.     Any and all press releases concerning this alleged accident or any incident relating to this lawsuit.

21.     Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

22.     Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff(s), any other party to this action, the incident, incident site and/or any instrumentality involved in the incident described in Plaintiff(s) Complaint.

23.     All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

24.     Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

25. Provide a full and complete copy of the Philadelphia Police Department Directive 45 titled "Safe Operation of Police Vehicles" which has been in effect since 2000, including any amendments that have been made with dates of said Amendments.

26. Any documents generated by Police Department Supervisor, with name of said Supervisor, who initially approved, continued approval and/or ordered pursuit to be discontinued of the police chase in question.

27. Provide a full and complete copy of the *audio* Police Radio Transmission of the police pursuit in question, including the initial stop of Mark Scott up until the medical personnel took plaintiff away from the scene of the accident where he was injured.

28. Provide a full copy of the Pursuit Memorandum that was generated regarding the police pursuit in question.

29. Provide a full and complete copy of any written procedures that were in place at the time of the police pursuit in question which detail the Philadelphia Police Departments policies regarding police chases.

30. Provide a copy of any and all *video* that was recorded of the police pursuit in question.

31. Provide any and all documents, *not previously provided*, that in any way relate to either (a) the police chase in question, (b) the accident which led to plaintiff's injuries, and/or (c) the policies of the Philadelphia Police Department governing the police chase in question.

32. Provide in writing names, and current addresses if no longer employed by the City, of all City of Philadelphia employees who were any way involved in the police pursuit which began with the initial decision making process to pursue Mark Scott up until medical personnel took plaintiff away from the scene of the accident where he was injured, including, but not limited to: (a) the officers who were chasing Mark Scott, (b) personnel who may have had radio contact with the responding officers before, during or after the chase on the day in question, (c) any Police Department Personnel who may have reviewed, analyzed, and/or commented on the police pursuit in question after its completion, and (d) any other City employees that came into contact with plaintiff or made decisions regarding the police pursuit in question before during, or after its completion.

33. Regarding request number 7 above, please contact my office to schedule the depositions of said City employees at the earliest convenience of each employee.

This request is deemed to be continuing insofar as if any of the above is secured *subsequent* to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel within thirty (30) days of receipt of same.

/s/ MARC F. GREENFIELD, ESQUIRE

Name of Attorney
Attorney for Plaintiff(s)
Identification No.: 62081
Address 230 S. BROAD ST, SUITE #1800
Telephone No.: 215-985-2424
Fax No.: 215-545-6117
e-mail address: mfg@injuryline.com

I _____, subject to the penalties of 18 Pa C.S.A. §4904, relating to unsworn falsification to authorities, state the attached answers and/or documents are submitted in response to the foregoing Interrogatories and/or Requests for Production of Documents and that to the best of my knowledge, information and belief they are true and complete.

_____
Signature

## PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS
### Motor Vehicle Cases

**S1. (ROG)**     If you know of the existence of any photographs, diagrams, drawings, charts, models, movie films, videotape and/or electronic copies of documents described in plaintiff's request for production of documents, but are unable to produce said objects during discovery please identify the believed whereabouts of the objects, a description of said objects including what they portray, the author or producer of said objects and the time when the objects were created or produced.

**S2. (ROG)**     Please identify the date of arrest, charges brought against you, date of conviction, if any, charges convicted of, sentence imposed and sentence served for any crimes within the last ten (10) years.

**S3. (ROG)**     Please identify all other accidents and/or injuries the defendant believes plaintiff has experienced either before or after the subject accident by providing the date, time and place of each accident, a list of each injuries sustained and a description of the medical treatment and providers received.

**S4. (ROG)**     Describe each vehicle involved in or known to be in the vicinity of the accident in terms of the year, make, model, color, owner, operator and passengers of the vehicle.

**S5. (PRD)**     If the native or original format of any of the documents, photographs, etc. referred to in plaintiff's requests for production are available in a digital format such as a gif, jpeg, pdf or other file format, defendant(s) is hereby requested to produce by either a disc (floppy, CD, DVD, etc.) or email attachment (to mfg@injuryline.com) containing the native digital files for said document and, if a special format, a reader to view same.

/s/ Marc F. Greenfield
Marc F. Greenfield, Esquire
SPEAR, GREENFIELD & RICHMAN, PC
230 S. Broad Street, Suite #1800
Philadelphia, PA 19102

## PLAINTIFF'S REQUESTS FOR ADMISSIONS – SET I
### Motor Vehicle Cases

REQUESTS FOR ADMISSION TO EACH DEFENDANT PURSUANT TO Pa.R.C.P. 4014:

1. Defendant is not claiming that any vehicle defect was a factor in causing or contributing to the accident involving the plaintiff.

2. Answering Defendant was the operator a motor vehicle involved in the accident specified in plaintiff's Complaint.

3. Answering Defendant was the owner of a motor vehicle involved in the accident specified in plaintiff's Complaint.

4. Answering Defendant had the permission of the owner of vehicle he/she was operating at the time of the accident with plaintiff as specified in plaintiff's Complaint.

5. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in plaintiff's Complaint.

/s/ Marc F. Greenfield
Marc F. Greenfield, Esquire
SPEAR, GREENFIELD &
RICHMAN, PC
230 S. Broad Street, Suite #1800
Philadelphia, PA 19102

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   5020 G Street, Philadelphia, PA  19120

Address of Defendant:        Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:        Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).          Yes ☐          No ☒

Does this case involve multidistrict litigation possibilities?          Yes ☐          No ☒
*RELATED CASE IF ANY:*

Case Number: _____   Judge _____          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes ☐          No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes ☐          No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes ☐          No ☒

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All
2. ☐ FELA
3. ☐ Jones Act – Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

Other  Contracts
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products liability - Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I,       Mark Maguire                            , counsel of record do hereby certify:

☒ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:        1/21/2015                 Mark Maguire                              94242
                                           Attorney-at-Law                      Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:        1/21/2015                 Mark Maguire, Esquire                     94242
                                           Attorney-at-Law                      Attorney I.D. #
CIV. 609 (4/03)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Edward Dark                                          Civil Action
    v.
Commissioner Charles Ramsey,
Officer Ryan P. Pownall,                             No.
John Doe #1-5, City of Philadelphia and
Philadelphia Police Department

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                                  (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                     (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.          (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                              (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                 (   )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.                      ( X )

                         **Mark Maguire, Esquire**

    1/21/2015                                         City of Philadelphia,et al.
Date                       Attorney-at-law                     Attorney for

**(215) 683-5439**             **(215) 683-5397**                  **mark.maguire@phila.gov**

Telephone                  FAX Number                      E-mail Address

(Civ. 660) 10/02